FILED
 2012 Jan-25  PM 04:23
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RICKEY L. SCRUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 5:11-cv-01514-IPJ-PWG |
| | ) |
| SHERIFF BLAKE DORNING, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The magistrate judge filed a report and recommendation on December 21, 2011, recommending that plaintiff's Eighth Amendment medical claims against the Madison County Jail, Sheriff Blake Dorning, Jail Administrator Steven Morrison, and the "Dental Staff" be dismissed. (Doc. 7.)  It was further recommended that plaintiff's medical claims against Defendant Aurther Williams be referred to the magistrate judge for further proceedings. *Id*. On December 27, 2011, the plaintiff filed objections to the report and recommendation. (Doc. 8.)

In his objections, plaintiff restates his assertion that Sheriff Blake Dorning and Jail Administrator Steven Morrison are responsible for violations that take place in the Madison County Jail. *Id*. Plaintiff further clarifies that Defendant Aurther

Williams is not the dentist he claims denied him treatment, as set forth in the magistrate judge's report and recommendation, but rather a medical doctor who supervises the medical and dental staff at the Madison County Jail. *Id*.

Plaintiff does not allege that either Sheriff Dorning or Jail Administrator Morrison personally violated his constitutional rights and the doctrine of respondeat superior is unavailable in actions brought under 42 U.S.C. § 1983. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003). Neither has plaintiff alleged that Dorning or Morrison were causally connected to the constitutional violations he complains of. *Id*. Therefore, his claims against Dorning and Morrison are due to be dismissed.

Plaintiff further states in his objections that he does not know the name of the dentist or members of the dental staff he claims denied him treatment. Even if plaintiff had properly named the dental staff, he has made only general assertions that do not directly show how those individuals violated his rights. Vague, conclusory, or general allegations are insufficient to merit relief under § 1983. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). Therefore, plaintiff's claims against the "Dental Staff" are due to be dismissed.

Plaintiff alleges in his complaint that an unknown dentist refused to treat him unless he paid $500.00. (Compl. at 4.) He further states in his objections that there

is only one dentist who treats Madison County Jail inmates.[1] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, the Eleventh Circuit Court of Appeals has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id*. (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Additionally, the Eleventh Circuit has explained:

> It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual (e.g. the driver of an automobile) without stating his name precisely or correctly.

*Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (quotation marks and citation omitted).

In this case, the identity of the dentist is likely to be revealed through the course of discovery. *See Dean*, 951 F.2d at 1216 (citing *Gillespie v. Civiletti*, 692 F.2d 637, 642 (9th Cir. 1980) (allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity)). Therefore, plaintiff's Eighth

---

[1] Plaintiff also alleges that the dentist has a female assistant. (Doc. 8 at 1.) However, the plaintiff has not alleged any facts to show how this female assistant violated his constitutional rights.

Amendment medical claim against the unknown dentist should be allowed to proceed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.  It is therefore ORDERED, ADJUDGED, and DECREED that all of plaintiff's claims in this action except plaintiff's Eighth Amendment medical claims against Defendant Williams and the unknown dentist are DISMISSED pursuant to 28 U.S.C. § 1915A(b).  It is further ORDERED that plaintiff's Eighth Amendment medical claims against Defendant Williams and the unknown dentist are REFERRED to the magistrate judge for further proceedings.

DATED this 25th day of January 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE